## Dutch Pantry, Inc., v. Ornsteen

*B. D. Haviland,* for plaintiff.

*Francis E. Marshall, Emanuel G. Weiss* and *Beasley & Ornsteen,* for defendant.

HAGAN, P.J., March 15, 1962.—Plaintiff filed a complaint against numerous defendants, containing three separate counts. The first two counts are directed

against all of the defendants except M. M. Marshall & Co., Inc.; the third count is directed solely to Marshall. Two sets of preliminary objections have been filed, one by Marshall and the other by the remaining defendants. The matter is now before us on these two sets of preliminary objections.

Examination of the complaint reveals that it is not denominated as either a complaint in assumpsit or a complaint in trespass, but is merely termed a "Complaint". It further appears from the complaint, and is conceded by plaintiffs' counsel, that some portions of the complaint sound in trespass, whereas other portions sound in assumpsit. It is plaintiffs' contention that they are permitted to do this, and that it is the duty of the court to separate the various forms of action.

The law, however, is clearly to the contrary. Thus, Pa. R. C. P. 1018 provides that "Every pleading shall . . . set forth the form of the action." Furthermore, under rules 1020 (a) and 1044, it is clear that a cause of action in assumpsit may not be joined in the same complaint with a cause of action in trespass. This court specifically so held in the case of Dussell v. Kaufman Construction Co. (No. 2), 15 D. & C. 2d 731.

At this stage of the proceedings, therefore, we cannot examine the merits of the complaint and the preliminary objections thereto, since the complaint is vitally defective in form. Accordingly, both sets of preliminary objections are hereby sustained and the complaint is dismissed with leave to file an amended complaint. In the amended complaint plaintiffs must determine whether they wish to make the action sound in trespass or in assumpsit, and must set forth in that complaint all the causes of action sounding in the form of action they have chosen. If plaintiffs desire, they may file a separate complaint in another form of action setting forth all causes of action sounding in that form of action.